**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FELIZ A. RAEL, as Guardian ad Litem
of R.S., a minor child,

Plaintiff,

v. No. 1:25-cv-01196-KG-JHR

BOARD OF EDUCATION OF LAS VEGAS
CITY SCHOOLS, JAMES I. BRANCH, and
CHRISTINA GONZALES,

Defendants.

**ORDER GRANTING LIMITED DISCOVERY STAY**

Before the Court is Defendant James I. Branch's Motion for Limited Stay of Discovery as to Defendant James I. Branch and Memorandum in Support (Doc. 13) ("Motion"), filed January 30, 2026. In the Motion, Defendant Branch seeks a stay of civil discovery directed to him while a related criminal case against him is pending. (*Id.*) For the reasons stated below, the Court will GRANT the Motion.

## I. Background

In her complaint, Plaintiff alleges the following. During the 2024-2025 school year, minor Plaintiff R.S. was a student at Memorial Middle School. (Doc. 1-1 at 7.) Defendant Branch was her English teacher. (*Id.*) Defendant the Board of Education of Las Vegas City Schools ("LVCS") administered, operated and maintained Memorial Middle School and Defendant Christina Gonzales was the school's principal. (*Id.* at 2-4, 12.) On January 24, 2025, after "grooming" R.S. for several months, Defendant Branch grabbed R.S., pulled her to him, rubbed her back and buttocks, and restrained her when she tried to get away. (*Id.* at 7-11.) Defendants LVCS and

Gonzales knew of the risk of sexual abuse Defendant Branch posed to his students but were deliberately indifferent to it and failed to adequately screen, train and supervise him and other employees. (*Id.* at 12-20.)

On March 25, 2025, before Plaintiff filed her complaint in this case, Defendant Branch was charged by a criminal information filed in state court with (1) criminal sexual contact of a minor (child 13 to 18; person in position of authority), (2) false imprisonment and (3) battery. (Doc. 13-2); *New Mexico v. Branch*, D-412-CR-2025-00080 (4th Jud. Dist. Ct., N.M.) ("*Branch*"). As the factual basis for these charges, the information alleged that on January 24, 2025, Defendant Branch touched or applied force to the buttocks of R.S., then 13, and restrained her, while in a position of authority over her. (*Id.*) Defendant's criminal trial was originally set for February 4, 2026, but was vacated in October 2025 on the prosecution's motion. (Doc. 13-3); *Branch*, D-412-CR-2025-00080 (Docket Hrgs., Aug. 24, 2026). The trial has since been reset twice, first for August 10, 2026, and then, after the August setting was continued on Defendant Branch's motion, for March 30, 2027. *Branch*, D-412-CR-2025-00080 (Notice of Jury Trial, filed Feb. 25, 2026); *id.* (Stip. Order Granting Stip. Mtn. Continue, filed Jun. 16, 2026); *id.* (Docket Hrgs., Aug. 24, 2026).

Plaintiff filed her complaint in this case in state court on October 15, 2025. (Doc. 1-1.) In the complaint, Plaintiff asserts: (a) against Defendant Branch, a substantive due process claim under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution, and state law claims for assault, battery, negligence *per se*, and intentional infliction of emotional distress; (b) against Defendant LVCS, a negligence claim under the New Mexico Tort Claims Act, equal protection and due process claims under the New Mexico Constitution, a due process claim under Section 1983 and the Fourteenth Amendment to the United States Constitution, and claims

under Title IX; and (c) against Defendant Gonzales, a claim for supervisory liability under Section 1983. (*Id.* at 21-35.)

On December 2, 2025, Defendant Branch removed the civil case to this Court. (Doc. 1.) Defendant Branch answered Plaintiff's complaint on December 5, 2025, and Defendants LVCS and Gonzales answered the complaint on December 9, 2025. (Docs. 5, 7.) In their answers, Defendants deny any wrongdoing and assert several affirmative defenses. (*Id.*)

The Court entered an Initial Scheduling Order on December 19, 2025, and set a scheduling conference for February 4, 2026. (Docs. 8, 10.) The parties filed their Joint Status Report and Provisional Discovery Plan ("JSR") on January 26, 2026. (Doc. 11.) However, on January 30, 2026, Defendant Branch filed the present Motion, and on February 4, 2026, the Court vacated the scheduling conference pending resolution of the Motion. (Docs. 13, 14.) Defendants LVCS and Gonzales do not oppose Defendant Branch's Motion, but Plaintiff filed a response in opposition to it on February 13, 2026. (Doc. 13 at 4; Doc. 15.) On February 26, 2026, Defendant Branch filed a reply in support of the Motion. (Doc. 16.)

In his Motion, Defendant Branch asks the Court to stay civil discovery directed to him while the related criminal case against him is pending. (Doc. 13.) He argues that, due to the extensive overlap between the civil and criminal cases and the current stage of the criminal case, he will suffer substantial prejudice if he is required to participate in civil discovery. (*Id.* at 7-8.) Specifically, he asserts that if he participates in discovery, he will be forced to choose between making potentially incriminating statements and asserting his Fifth Amendment right to remain silent, which could result in adverse inferences against him. (*Id.*) He further asserts that this case can still proceed expeditiously despite the requested stay, and that any prejudice to Plaintiff will be minimal because the requested stay is limited to discovery directed to him and the criminal case

will likely be resolved before the civil case. (*Id.*) Lastly, Defendant argues that the requested stay will promote the Court's and the public's interests because "significant discovery can be had" from other parties and witnesses while the stay is pending, and resolution of the criminal case will serve the public's interest and enhance the possibility of settlement in this case. (*Id.* at 9.)

In her response, Plaintiff first contends that Defendant Branch has forfeited his right to seek a stay by answering the complaint, making initial disclosures, and contributing to the parties' JSR. (Doc. 15 at 3-4.) Plaintiff next claims that Defendant will not suffer substantial prejudice if he is required to participate in discovery, while the requested stay will injure her interests and those of the Court and the public. (*Id.* at 4-9.) In support, she argues that: (1) the scope of her complaint is broader than the scope of the criminal charges; (2) in the absence of a criminal trial setting, the requested stay would be indefinite and thus disfavored[1]; (3) the stay, though limited, would significantly delay resolution of this case because discovery directed to Defendant Branch is centrally important; and (4) the Court can determine the extent of any negative inference to be drawn if Defendant invokes his Fifth Amendment rights. (*Id.*) Finally, Plaintiff argues that, though she "is not presently requesting that the Court impose any specific alternative protective measure," protective measures short of a stay could alleviate the burden on Defendant if he is required to participate in discovery. (*Id.* at 9-10.)

Defendant Branch replies that he has not forfeited his right to request a stay because he reserved his Fifth Amendment rights in his answer and has not made any sworn statements or declarations in this case. (Doc. 16 at 2-4.) He further contends that the decisions Plaintiff cites to support her arguments are inapposite or materially distinguishable. (*Id.* at 4-9.) Finally, Defendant notes that he is in fact seeking a protective measure short of a full discovery stay and argues that

[1] When Plaintiff filed her response, Defendant Branch's criminal trial had been continued but not yet reset. (Doc. 15 at 6.)

"[t]he court does not need to defer ruling on a fully briefed motion while waiting for Plaintiff to propose less drastic measures" to alleviate the burden on him. (*Id.* at 9-10.)

**II. Legal Standards**

Under Federal Rule of Civil Procedure 26, "[a] party or any person from whom discovery is sought" may receive a protective order forbidding or limiting the discovery if they demonstrate "good cause" that the discovery will inflict "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Good cause requires more than speculation; the movant must make "a particular and specific demonstration of fact" justifying the protective order. *S2 Automation LLC v. Micron Tech., Inc.*, 283 F.R.D. 671, 680 (D.N.M. 2012). Courts may grant, deny, or modify protective orders in their discretion. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

Whether to grant a stay of civil discovery when criminal proceedings are pending against a party is within the district court's discretion. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009); *Mid-Am.'s Process Serv. v. Ellison*, 767 F.2d 684, 687 (10th Cir. 1985). "The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights." *Creative Consumer Concepts*, 563 F.3d at 1080. Further, "a defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Id.* (brackets omitted). Thus, to determine whether to grant a stay due to parallel criminal proceedings, courts must "exercise … judgment" and "weigh competing interests." *Urrutia v. Montoya*, Civ. No. 16-00025-MCA-SCY, 2016 WL 9777168, at *1 (D.N.M. June 29, 2016).

"While the Tenth Circuit has not delineated the precise factors a court should consider when weighing a stay based on parallel proceedings, district courts in the Tenth Circuit have

consistently used a six-factor test like the tests employed in other circuits." *Yazzie v. Fezatte*, Civ. No. 16-00472-JAP-KS, 2019 WL 1865204, at *3 (D.N.M. Apr. 25, 2019). The test's six factors are: (1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the criminal case; (3) the plaintiff's interest in proceeding expeditiously and any prejudice the requested stay would impose on the plaintiff; (4) the interests of and burden on the defendants; (5) the court's interests; and (6) the public's interests. *Id.*; *Urrutia*, 2016 WL 9777168, at *1. These factors serve to guide the Court's resolution of the ultimate inquiry, *i.e.*, "whether the interests of justice … require a stay." *Creative Consumer Concepts*, 563 F.3d at 1080.

## III. Analysis

### A. <u>Defendant Branch has preserved his right to seek a stay</u>.

As a preliminary matter, the Court must address Plaintiff's argument that Defendant Branch has forfeited his right to seek a stay by answering the complaint, submitting initial disclosures, and contributing to the parties' JSR. Notably, the only authority Plaintiff cites in support of this argument is materially distinguishable. (Doc. 15 at 3-4 (citing *Multiven, Inc. v. Cisco Sys., Inc.*, 725 F. Supp. 2d 887, 897 (N.D. Cal. 2010)).) In *Multiven*, the party facing prosecution voluntarily submitted declarations and was extensively deposed before he sought a stay in the civil case. *Id.* The *Multiven* court concluded that denying the requested stay would "only minimally implicate [the party's] Fifth Amendment rights, given the extensive testimony he has already provided in this case." *Id.*

Here, in contrast, Defendant Branch reserved his Fifth Amendment rights in his answer. (Doc. 5 at 1.) He filed his Motion before the initial scheduling conference, and he has not made any sworn statements or declarations or given any testimony in the case. (Doc. 16 at 2-3.) His

initial disclosures and portions of the JSR include no sworn statements or declarations. (Docs. 11, 15-1.) In these circumstances, Defendant Branch has preserved his right to seek a discovery stay.

**B. <u>The six-factor test weighs in favor of the requested stay</u>.**

As explained below, the six-factor test applied by district courts in this Circuit weighs in favor of the stay Defendant Branch requests, that is, a stay limited to discovery directed to him while the related criminal case against him is pending.

1. <u>Overlap of Issues in Civil and Criminal Proceedings</u>

The first factor the Court must consider is the extent of the overlap between the issues in the civil and criminal cases. *Yazzie*, 2019 WL 1865204, at *3; *Urrutia*, 2016 WL 9777168, at *1. This has been called the "most important factor" in determining whether a stay is warranted. *Flynn v. City of Las Cruces*, Civ. No. 15-00195-KG-WPL, 2015 WL 13643322, at *2 (D.N.M. Nov. 9, 2015) (citing *Hilda M. v. Brown*, Civ. No. 10-02495-PAB-KMT, 2010 WL 5313755, at *3 (D. Colo. Dec. 20, 2010)). When the overlap is extensive, discovery in the civil case is highly likely to address potentially incriminating matters and thus to force the party facing prosecution to choose between self-incrimination and asserting his Fifth Amendment rights.

Here, the overlap between the issues in the civil and criminal proceedings is extensive. Plaintiff is correct that her civil complaint includes allegations not directly at issue in the criminal case, *e.g.*, that Defendant Branch groomed R.S. and that Defendants LVCS and Gonzales knew of but were deliberately indifferent to the risk he posed. (Doc. 15 at 5; *compare* Doc. 1-1 *with* Doc. 13-2.) However, the core of both the civil and criminal proceedings is the allegation that, on January 24, 2025, Defendant Branch grabbed his 13-year-old student R.S., pulled her to him, rubbed her back and buttocks, and restrained her when she tried to get away. (*Id.*) Thus, this factor weighs heavily in favor of the requested stay.

2. Status of the Criminal Case

The second factor the Court must consider is the status of the criminal case against Defendant Branch. *Yazzie*, 2019 WL 1865204, at *3; *Urrutia*, 2016 WL 9777168, at *1.

> The strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned. The potential for self-incrimination is greatest during this stage, and the potential harm to civil litigants arising from [delay] is reduced due to the promise of a fairly quick resolution of the criminal case under the Speedy Trial Act.

*Hilda M.,* 2010 WL 5313755, at *4; *see also Urrutia,* 2016 WL 9777168, at *2.

Here, Defendant Branch has been formally charged and his criminal trial has been set but not yet held. (Docs. 13-2, 13-3); *Branch*, D-412-CR-2025-00080 (Docket Hrgs., Aug. 24, 2026). The potential for self-incrimination Defendant faces is thus at its apex.[2] Moreover, it is likely that the criminal case will be resolved before the civil case due to speedy trial considerations. Of course, it is true that Defendant's criminal trial is not set to take place until March 2027, "continuances of criminal trials are not unusual[,] and … the trial setting in this case could again be continued." *Urrutia*, 2016 WL 9777168, at *2. Nevertheless, the parties have requested more than 13 months to complete discovery, (Doc. 11 at 21), and if the Court grants their request, discovery will remain open well past the current March 2027 criminal trial date. For these reasons, this factor weighs heavily in favor of the requested stay.

---

[2] Thus, several cases Plaintiff cites in her response are materially distinguishable from this case because the criminal proceedings were at a different stage, *e.g.*, before the party facing prosecution had been formally charged, before the criminal trial had been set, or while the criminal case was on appeal. (*See, e.g.*, Doc. 15 at 6 (citing *Lauria v. United States*, Civ. No. 20-00210-SLG, 2022 WL 1810131, at *1-*3 (D. Alaska June 2, 2022) (charges relating to plaintiff had not yet been filed against former federal employee facing prosecution); *D.T. v. Indep. Sch. Dist. No. I-002*, Civ. No. 24-00390-SH, 2025 WL 342867, at *3 (N.D. Okla. Jan. 30, 2025) (no preliminary hearing had been held, and no trial date had been set, in criminal proceeding against party facing prosecution)); *id.* at 9 (citing *Bd. of Cnty. Comm'rs of Cnty. of Adams v. Asay*, Civ. No. 11-02238-PAB-KLM, 2012 WL 6107949, at *1-*2 (D. Colo. Dec. 10, 2012) (prosecuted party had been convicted and sentenced and criminal case was on appeal)).)

3. Plaintiff's Interest in Proceeding Expeditiously and Prejudice to Plaintiff Due to Delay

The third factor in the pertinent six-factor test "calls on the Court to examine the interests of the plaintiff in proceeding with discovery" and the prejudice to the plaintiff due to delay. *Urrutia*, 2016 WL 9777168, at *2. In general, plaintiffs have a substantial interest in proceeding expeditiously with discovery, and a discovery stay necessarily injures that interest. *Id.*; *Yazzie,* 2019 WL 1865204, at *5. However, limiting the scope of a requested stay diminishes the stay's negative impact because the plaintiff "has the opportunity to pursue other avenues of discovery during the pendency of [the] stay." *Urrutia*, 2016 WL 9777168, at *2.

Also relevant to a stay's impact on the plaintiff is "the potential length of delay if the stay is granted," with shorter delays being less prejudicial. *J.O. v. Bd. of Educ. of Albuquerque Pub. Schs.*, Civ. No. 23-01021-KG-JMR, 2024 WL 3181442, at *4 (D.N.M. June 26, 2024). Thus, for example, in *Urrutia*, the court granted a stay anticipated to last for only a few months. *Urrutia*, 2016 WL 9777168, at *2-*4. Nevertheless, in other decisions, courts have approved stays limited to discovery directed to the party facing prosecution even when the stay had lasted or was anticipated to last for 19 months or more. *See, e.g.*, *Ramirez v. Martinez*, Civ. No. 20-00824-MV-SMV, 2022 WL 2390487, at *3-*4 (D.N.M. July 1, 2022) (stay of over 19 months); *Chand v. Corizon Med.*, Civ. No. 15-00967-WJ-KRS, 2018 WL 3935038, at *2-*4 (D.N.M. Aug. 16, 2018) (stay of two-and-a-half years); *D.S. v. Geo Grp., Inc.*, Civ. No. 15-00774-RB-KBM, 2017 WL 3588793, at *1-*3 (D.N.M. Mar. 2, 2017) (stay of about 19 months).

Here, the potential delay due to the requested stay is significant. If the Court grants the stay, discovery directed to Defendant Branch will be delayed from February 4, 2026, to at least the end of March 2027, when his criminal trial is set. (Doc. 10); *Branch*, D-412-CR-2025-00080 (Docket Hrgs., Aug. 24, 2026). In other words, the stay will delay an undeniably important part of

discovery for at least 14 months. Nevertheless, the limited scope of the stay mitigates the negative impact on Plaintiff's interests, because she will still be able to seek discovery from Defendant LVCS, Defendant Gonzales and other witnesses – many of whom she claims have knowledge of Defendant Branch's allegedly wrongful acts, (*see* Doc. 11 at 5-10) – while the stay is pending. Moreover, if discovery begins shortly after entry of this Order and lasts for 13 months as the parties have requested, it will not close until October 2027, well after the current criminal trial setting. For these reasons, Plaintiff's interests weigh moderately against the requested stay.

4. Interests of and Burden on Defendants

The fourth factor the Court must consider concerns Defendants' interests and the burden on them if the requested stay is not granted. *Yazzie*, 2019 WL 1865204, at *3; *Urrutia*, 2016 WL 9777168, at *1. As already discussed in Sections III.B.1. and 2., above, when a defendant has been formally charged but not yet tried in a criminal case that overlaps extensively with civil proceedings, he "faces a valid conflict between asserting his Fifth Amendment privilege," with the potential negative consequences that assertion entails, "and fulfilling his legal obligations in civil discovery." *Urrutia*, 2016 WL 9777168, at *2. And although he "has no absolute right" to avoid this quandary, *Creative Consumer Concepts*, 563 F.3d at 1080, ideally, "a person who is presumed innocent should not have to pay a cost to exercise a constitutional right." *Urrutia*, 2016 WL 9777168, at *3.

Here, Defendant Branch's rights will be substantially prejudiced if the Court does not grant the requested stay. If Defendant is required to participate in civil discovery, he will almost certainly have to choose between making potentially incriminating statements and suffering potential

adverse inferences for asserting his Fifth Amendment rights.[3] Also, if he chooses to speak, he risks prematurely exposing his defense strategy to the prosecution. *See Creative Consumer Concepts*, 563 F.3d at 1080 ("A district court may … stay a civil proceeding in deference to a parallel criminal proceeding … to prevent the exposure of the criminal defense strategy to the prosecution."). This factor weighs heavily in favor of the requested stay.[4]

5. <u>The Court's and the Public's Interests</u>

The fifth and sixth factors to be considered are the interests of the Court and the public. *Yazzie*, 2019 WL 1865204, at *3; *Urrutia*, 2016 WL 9777168, at *1. In general, courts and the public have an interest in avoiding protracted litigation, which burdens limited judicial resources and may detract from public confidence in the judicial system. *Doe v. E. New Mexico Univ. Bd. of Regents*, Civ. No. 23-00362-GBW-JHR, 2024 WL 1886282, at *4 (D.N.M. Apr. 30, 2024). However, the resolution of a criminal case may promote settlement and reduce the need for discovery in a parallel civil case. *Hilda M.*, 2010 WL 5313755, at *6. Also, courts and the public "have an interest in not needlessly expending resources on thorny legal issues that might be avoided through a temporary limited stay of discovery." *Urrutia*, 2016 WL 9777168, at *4. Such issues may include ruling on the terms of protective orders short of a stay and determining the effect at summary judgment and trial of a party's invocation of the Fifth Amendment during discovery. *Id.* Finally, when the issues in the criminal and civil cases overlap, "the criminal

[3] Although Plaintiff argues that the Court can determine the extent of any negative inferences to be drawn if Defendant Branch invokes his Fifth Amendment right to remain silent, notably, she does not renounce any intent to ask for such inferences to be drawn. (Doc. 15 at 8.)

[4] Defendant Branch also argues that Defendants LVCS "will be severely impacted if [he] is forced to participate in discovery and refuses to waive his Fifth Amendment rights in this civil action" because at least one of Plaintiff's claims against Defendant LVCS "rests on the alleged actions of Defendant Branch." (Doc. 13 at 8 n.1.) Moreover, Defendants LVCS and Gonzales do not oppose the requested stay, and Plaintiff fails to address the effect of the stay on these Defendants. (Doc. 13 at 4; Doc. 15 at 8.) It thus seems clear that, at the very least, granting the requested stay will not harm Defendants LVCS' and Gonzales' interests.

prosecution will serve to advance the public interests at stake." *Curry v. Gonzales*, Civ. No. 20-00116-RB-SCY, 2021 WL 1060770, at *3 (D.N.M. Mar. 18, 2021).

Here, all of the above considerations apply. The Court and the public certainly have an interest in avoiding a delay of 14 months or more in discovery directed to Defendant Branch. However, the resolution of Defendant's criminal case may well promote settlement and reduce the need for discovery in this civil case. Further, the stay Defendant Branch seeks is limited to discovery directed to him, so discovery directed to others can proceed while the stay is pending. Also, if the Court grants the requested stay, it will not need to expend limited judicial resources, for example, parsing the appropriate terms of any sealing order Defendant may seek or determining the effects at summary judgment and trial if he invokes his right to remain silent during discovery. Finally, the issues in the criminal and civil cases overlap extensively and thus the criminal prosecution will serve to advance the public interest while the requested stay is pending. Factors five and six are therefore neutral.

6. <u>Balance of Interests</u>

In sum, for the reasons just discussed, three relevant factors weigh heavily in favor of a stay, one weighs moderately against it, and two are neutral. On balance the pertinent six-factor test clearly weighs in favor of granting the stay Defendant Branch has requested. Moreover, this outcome is consistent with the Court's ultimate assessment that, at present, the requested stay will serve the interests of justice because it will not unduly interfere with the progress of this case and is necessary to prevent substantial prejudice to Defendant Branch's rights.

C. **<u>The requested stay is an appropriately limited protective measure</u>.**

Finally, the Court must address Plaintiff's argument that protective measures short of a stay can alleviate any prejudice Defendant Branch may suffer if he is required to participate in

civil discovery. This argument is flawed for two reasons. First, Plaintiff fails to explain how any other, lesser protective measure would be adequate to protect Defendant's rights if he is required to participate in discovery while the related criminal case against him is pending. (Doc. 15 at 9-10.) Nor is the adequacy of any such measure a foregone conclusion. *See Urrutia*, 2016 WL 9777168, at *3 (noting that sealing order could leave defendant vulnerable to federal grand jury investigation into potential criminal civil rights violation because such orders do not "shield relevant information from a valid grand jury subpoena"). It would be dangerously speculative for the Court to rely on measures short of a stay when Plaintiff has made no effort to explain the efficacy of any particular measure.

Second, as Defendant Branch notes, he *has* sought a less drastic protective measure than a full discovery stay, that is, he has sought a stay limited to discovery directed to him while the criminal case against him is pending. (Doc. 16 at 8-10.) This less drastic measure will allow the case to move forward and Plaintiff to obtain discovery from Defendant LVCS, Defendant Gonzales and others, while the stay is pending. Thus, the protective measure Defendant seeks is appropriately limited.

## IV. Conclusion

In sum, Defendant Branch has preserved his right to seek a stay. In addition, the six-factor test used by district courts in this Circuit favors the limited stay Defendant has requested.[5] Finally, the stay Defendant Branch seeks is appropriately limited to discovery directed to him, and Plaintiff has not explained how any less drastic measure would adequately alleviate the burden on Defendant's rights if he were required to participate in civil discovery.

[5] However, the outcome of the six-factor test could change if Defendant Branch's criminal trial is continued again. *See Urrutia*, 2016 WL 9777168, at *2 (noting that if party's "criminal trial were repeatedly continued, there would be a point at which full civil discovery should proceed regardless of the pending criminal trial").

IT IS THEREFORE ORDERED as follows:

1. Defendant James I. Branch's Motion for Limited Stay of Discovery as to Defendant James I. Branch and Memorandum in Support (Doc. 13) is GRANTED.

2. Discovery directed to Defendant Branch in this matter is STAYED through the conclusion of the criminal trial set for March 30, 2027, in *New Mexico v. Branch*, D-412-CR-2025-00080 (4th Jud. Dist. Ct., N.M.), and subsequent sentencing, if any.

3. Defendant Branch must notify the Court and the other parties to this litigation if the March 2027 criminal trial is continued again ***within 10 days of entry of the state court order granting the continuance***.

IT IS SO ORDERED.

HON. JERRY H. RITTER
United States Magistrate Judge